filed 7/18/06

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED  JUL 1 8 2006
CLERK'S OFFICE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA :
:
*versus* : CRIMINAL NO. 06-96-RET-SCR
:
AMITECH USA, LLC :

### PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to an Bill of Information charging failure to file a report of unpermitted air emissions, in violation of Title 42, United States Code, Section 7413(c)(2)(A), and 18, United States Code, Section 2.

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, no additional criminal charges related to the conduct or incident that resulted in the violation contained in the Bill of Information will be brought against the defendant in this district.

3.

The defendant agrees to fully and truthfully complete the financial statement provided to it by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with the Court. Further, upon request, it agrees to provide the Office of the United States Attorney with any information or documentation in its possession regarding its financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against it, including principal, interest, and penalties is discharged or satisfied in full. This



information will be utilized to evaluate its capacity to pay the government's claim or judgment against it, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, it may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against it. The defendant's plea of guilty may not be withdrawn, except as otherwise provided herein.

4.

The defendant hereby expressly waives the right to appeal its conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

5.

Pursuant to Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the defendant and the United States Attorney agree that a term of probation determined by the Court, a fine of $1,070,000.00, and community restitution of $100,000.00 is the appropriate disposition of this case. The Court must impose a special assessment of $400. The defendant agrees to pay the community restitution within 10 days after sentencing. The defendant also agrees to pay the fine at a rate of $42,800.00, plus applicable interest, each month over the course of the 25 months immediately following sentencing.

6.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), *Federal Rules of Criminal Procedure*, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement. If the Court accepts the Plea Agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in the Plea Agreement.

7.

The defendant understands that the maximum sentence which could be imposed if the Court rejects this Plea Agreement, and the defendant chooses to maintain its plea of guilty, is five years probation, restitution to any victims, a mandatory special assessment of $400, and a fine consisting of the greater of $500,000 or twice the amount of money the defendant gained from the conduct.

8.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the *Federal Rules of Criminal Procedure,* and pursuant to Section 6B1.4 of the *United States Sentencing Guidelines*, to the following factual basis:

> Amitech USA, LLC ("Amitech") is a limited liability corporation. In 2001, Amitech began construction of a manufacturing facility in Zachary, Louisiana (hereinafter referred to as "the Zachary facility") which was designed to manufacture glass-fiber reinforced plastic pipes and polymer concrete pipes.
>
> As part of the manufacturing process, the Zachary facility would emit styrene into the atmosphere. Styrene is primarily a synthetic chemical that is used extensively in the manufacture of plastics, rubber, and resins. The Federal Clean Air Act ("CAA")

3

classifies styrene as a hazardous air pollutant because it may be a human carcinogen. See 42 U.S.C. § 7412.

During the relevant period, the CAA regulated the release, into ambient air, of hazardous air pollutants, such as styrene. The CAA required each state to have an air program to regulate such pollutants. In Louisiana, the U.S. Environmental Protection Agency authorized the Louisiana Department of Environmental Quality to administer the air program. Accordingly, pursuant to the CAA, DEQ established an air permitting scheme which required facilities, such as the Zachary facility, to obtain a permit to emit pollutants, such as styrene.

On March 13, 2002, Amitech submitted an application to DEQ for an air permit. In its application, Amitech committed to operating the Zachary facility with a condenser to reduce the amount of styrene emissions by ninety-five percent (95%).

On June 21, 2002, DEQ issued Amitech an air permit based on Amitech's representations that it would operate the Zachary facility with a condenser to reduce styrene emissions. The permit required that the Zachary facility operate with a condenser and that Amitech file a written report to DEQ if the facility operated in violation of that requirement.

From February 17, 2003, through March 7, 2003, the Zachary facility produced pipe, which if it met certain specifications, could be, and in fact was, ultimately sold to the government of Venezuela. This production occurred without a condenser operating to control or reduce styrene emissions, in violation of Amitech's air permit. The production process released uncontrolled styrene emissions into the ambient air both inside and outside of the facility. These emissions violated the air permit. In further violation of the air permit, Amitech did not file a written report notifying DEQ of its failure to operate a condenser during the production.

From May 1, 2003, through May 19, 2003, the Zachary facility produced pipe, which if it met certain specifications, could be, and in fact was, ultimately sold to the government of Jordan. This production occurred without a condenser operating to control or reduce styrene emissions, in violation of Amitech's air permit. The production process, despite a vent stack being installed, resulted in the release of released uncontrolled styrene emissions into the ambient air both inside and outside of the facility. These emissions violated the air permit. In further violation of the air permit, Amitech did not file a written report notifying DEQ of its failure to operate a condenser during the production.

The defendant understands that the Court is not bound by this stipulation.

9.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement, except as provided in Paragraph 5, and acknowledges that no promises or assurances have been made as to whether the Court will accept the plea. The defendant acknowledges that the

4

terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that it has not been threatened, intimidated, or coerced in any manner.

10.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that it fully understands the agreement. The defendant has no objection to the legal representation it has received.

This Plea Agreement is entered into this __12th__ day of __July__, 2006, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

_/s/ Benji D Hick_
AMITECH USA, LLC
DEFENDANT

_/s/ David R. Dugas_
DAVID R. DUGAS, LBN 5134
UNITED STATES ATTORNEY

_/s/ Bradley C. Myers_
BRADLEY C. MYERS, LBN 1499
ATTORNEY FOR DEFENDANT
Kean Miller LLP
One American Place, 22nd Floor
Baton Rouge, LA 70821
Telephone: (225) 382-3421
Fax: (225) 388-9133

_/s/ Corey R. Amundson_
COREY R. AMUNDSON, LBN 28865
ASSISTANT U.S. ATTORNEY
777 Florida Street, Suite 208
Baton Rouge, Baton Rouge, LA 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

5